**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITE HERE RETIREMENT FUND | : | |
| | : | |
| and | : | **COMPLAINT** |
| | : | |
| TRUSTEES OF THE UNITE HERE | : | |
| RETIREMENT FUND, | : | |
| 333 Westchester Ave., North Building | : | NO. |
| White Plains, New York 10604, | : | |
| | : | |
| *Plaintiffs*, | : | |
| v. | : | |
| | : | |
| EDWARD VILLAGE GROUP, LLC | : | |
| d/b/a EDWARD VILLAGE HOTEL | : | |
| 600 Town Center Drive | : | |
| Dearborn, MI 48126, | : | |
| | : | |
| *Defendant*. | : | |

**Introduction**

1.     This is an action to collect contributions owed to the UNITE HERE Retirement Fund ("Pension Fund"). The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

**Jurisdiction and Venue**

2.     The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Fund, who are fiduciaries under ERISA, seek to enforce provisions of Title I of ERISA that require employers to make contributions to a multiemployer pension plan according to the terms of the plan. 29 U.S.C. § 1145.

3.      This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Fund is administered.

**Parties**

4.      Plaintiff Pension Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers.

5.      Plaintiff Pension Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

6.      Plaintiff Pension Fund is a successor to the Hotel Employees and Restaurant Employees International Union Pension Fund.

7.      Plaintiff Trustees of the Pension Fund ("Trustees") are fiduciaries within the meaning of ERISA. 29 U.S.C. § 1002(21)(A).

8.      All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Fund is administered at that location, within the Southern District of New York.

9.      Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Fund's participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

10.      Defendant Edward Village Group, LLC d/b/a Edward Village Hotel ("Defendant") is engaged in the hospitality business.   It is an employer in an industry affecting commerce within the meaning of ERISA. 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

11.     Defendant's principal business location is in Dearborn, Michigan.

**Statement of Facts**

12.     On October 1, 2007, UNITE HERE Local 24 (the "Union") entered into a collective bargaining agreement (the "2007 Agreement") with the Hyatt Regency Dearborn ("Hyatt"), the then-owner of the hotel at 600 Town Center Drive, Dearborn Michigan (the "Hotel"). In the 2007 Agreement, Hyatt agreed to contribute a specified amount to the Plaintiff Pension Fund based on the number of days worked by each employee who was represented by the Union. A copy of the 2007 Agreement is attached as Exhibit A.

13.     Between 2012 and 2016, the Hotel was acquired by various owners and managed by various management companies, each of which adopted the terms of the 2007 Agreement, with certain modifications (hereinafter the "2012-2016 Extension Agreements"). Copies of the 2012-2016 Extension Agreements are attached as Exhibit B.

14.     None of those modifications changed the obligation of the owner of or management company for the Hotel to contribute to the Plaintiff Pension Fund. See Exhibit B.

15.     On or about April 1, 2016, Defendant Edward Hotel Management, LLC became the operator and employer of employees represented by the Union at the Hotel.

16.     In April 2017, Defendant entered into a Memorandum of Understanding with the Union (hereinafter the "MOU") in which it adopted the terms of the 2007 Agreement, as modified in the 2012-2016 Extension Agreements, with further specified modifications. A copy of the MOU is attached as Exhibit C.

3

17.     None of the modifications in the MOU affected the obligation of the employer to contribute to the Plaintiff Pension Fund. See Exhibit C.

18.     By virtue of the MOU, through its incorporation of the 2007 Agreement and 2012-2016 Extension Agreements, the Defendant agreed to contribute to the Plaintiff Pension Fund.

19.     By agreeing to contribute to the Pension Fund, Defendant agreed to abide by the rules that govern the Pension Fund.

20.     The Trustees of the Pension Fund have promulgated a Policy for the Collection of Delinquent Contributions ("Collections Policy"). A copy of the Collections Policy is attached as Exhibit D.

21.     The Collections Policy requires contributing employers, including the Defendant, to submit remittance reports along with their monthly contributions to document the amounts due on behalf of each covered employee. Exhibit D, at §I.

22.     Reports and contributions are due on the fifteenth day of the month following the reported-upon month. Exhibit D, at §I.

23.     Contributions that are not received by that deadline are charged simple interest at a rate of one percent (1%) per month or any portion of a month that the contribution is delinquent, and liquidated damages equal to twenty percent (20%) of the principal delinquency. Exhibit D, at §V. Such interest and liquidated damages charges are also authorized by ERISA, 29 U.S.C. §1132(g)(2)(B)-(C),

24.     Defendant submitted reports documenting that a total of $24,746.50 in contributions was due for November 2018, but did not submit payment for those contributions.

25.     Defendant did not submit any reports or payment for December 2018 or any subsequent months.

26.     By letters dated December 26, 2018, January 7, 2019, January 16, 2019, January 25, 2019, and February 6, 2019,  the Pension Fund notified the Defendant that it was delinquent in its reporting and contributions and demanded immediate payment thereof, including interest and liquidated damages. Copies of the December 26, 2018, January 7, 2019, January 16, 2019, January 25, 2019, and February 6, 2019 letters are attached as Exhibit E.

27.     By email dated February 23, 2019, the Defendant informed the Plaintiff Pension Fund that the Hotel had closed effective December 14, 2018. A copy of the February 23, 2019 email is attached as Exhibit F.

28.     Based on Defendant's contribution history, the Pension Fund calculates that $12,373.25 was due for the unreported partial month of December 2018 up to the date the Hotel closed.

29.     By letter dated April 12, 2019, Plaintiff Pension Fund, through its counsel, sent a letter by certified mail, return receipt requested, demanding payment for the unpaid amounts documented by the November 2018 remittance report, plus the estimated partial month of contributions for the period between December 1, 2018 and December 14, 2018, plus interest and liquidated damages. A copy of the April 12, 2019 letter is attached as Exhibit G.

30.     The return receipt postcard documented delivery of the April 12, 2019 letter on April 16, 2019. A copy of the return receipt postcard is attached as Exhibit H.

31.     Despite notice of the delinquency and numerous demands for payment from both the Pension Fund and its attorney, the Defendant has failed and refused to pay the delinquent contributions for November 2018 and December 2018.

32.     Defendant's failure to make submit contributions for November 2018 and December 2018 violates 29 U.S.C. §1145.

33.     In addition to the delinquent principal, Defendant owes interest, liquidated damages, and reasonable attorneys' fees and costs pursuant to the Pension Fund's Collection Policy and ERISA. See Exhibit B and 29 U.S.C. §1132(g)(2)(B)-(D).

Prayer for Relief

WHEREFORE, Plaintiffs Pension Fund and Trustees demand judgment for:

(a)     $37,119.75 in principal delinquent contributions for the months of November 2018 and December 2018, pursuant to 29 U.S.C. §1132(g)(2)(A);

(b)     Interest on the delinquent amounts set forth in (a) calculated at a rate of one percent per month or portion of a month of the delinquency, pursuant to 29 U.S.C. §1132(g)(2)(B) and the Pension Fund's collection policy;

(c)     $7,423.95 in liquidated damages (20% of the principal delinquency), pursuant to 29 U.S.C. §1132(g)(2)(C) and the Pension Fund's collection policy;

(d)     Such additional principal amounts that become due during the pendency of this action, plus interest and liquidated damages thereupon, pursuant to 29 U.S.C. §1132(g)(2)(A)-(C);

(e)     Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2)(D); and

(f)     Such other legal and equitable relief to which plaintiffs are entitled.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____

WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: May 6, 2019

7